**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RITCHIE MOORE,**

**Plaintiff,**

**v.** **CASE NO. 07-3145-SAC**

**KVC BEHAVIORAL HEALTHCARE, et al.,**

**Defendants.**

**O R D E R**

This is one of four civil rights actions pursued by Mr. Moore under 42 U.S.C. § 1983 while he has been confined at the Norton Correctional Facility and the Douglas County Jail, Lawrence, Kansas. On June 6, 2007, this court entered an Order describing deficiencies in the complaint filed herein, and giving plaintiff time to cure those deficiencies. First, he was ordered to provide the certified statement of his inmate account showing transactions for the six-month period immediately preceding the filing of his complaint in support of his motion to proceed in forma pauperis, as required by 28 U.S.C. § 1915(a)(2). Second, he was ordered to file an Amended Complaint because his original complaint did not contain statements of fact or properly designated defendants.

Finally, the court noted plaintiff's filings suggested he is attempting to challenge state court orders in child custody proceedings and decisions of SRS case workers that resulted from a domestic violence incident. He alleges a conspiracy by defendants

to keep him apart from his children, and claims he was denied due process because a court hearing regarding his children was held without him present[1]. He cited a state statute as authority for his claims. Mr. Moore was advised that in order to "state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). He was further advised that domestic law determinations and state agency actions involving custody of minor children are purely matters of state law, which do not implicate rights under the federal Constitution or laws, and that the violation of a state statute is not grounds for relief under § 1983. Plaintiff was thus informed that if the purpose of his complaint was to challenge child custody and domestic relations matters, he must show cause why the complaint should not dismissed for failure to state a federal constitutional claim.

Since the court's prior Order, plaintiff has submitted several filings, including a letter, which was filed by the Clerk as a Response (Doc. 5); an Amended Complaint (Doc. 6); two motions to appoint counsel (Docs. 7 & 10); a Motion to Amend (Doc. 8); his Second Motion for Leave to Proceed in forma pauperis (Doc. 9); a Motion for Issuance of Summons (Doc. 11); and a Motion for Service (Doc. 13). Having considered all materials filed by plaintiff, the

1 Plaintiff's attachments mostly relate to SRS proceedings in the District Court of Douglas County, Kansas, involving his two children and domestic abuse issues between plaintiff and the children's mother and grandfather.

court finds as follow.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES**

In compliance with the court's prior Order, plaintiff has submitted the documentation required to support this motion. The document in support (Doc.15) shows he is without funds to pay an initial partial filing fee. Mr. Moore is again reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action filed by him. 28 U.S.C. § 1915(b)(1). The granting of leave merely entitles him to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Plaintiff was granted leave to proceed without prepayment of fees in prior actions and has outstanding fee obligations in those actions: Case No. 07-3109, Case No. 07-3140, and Case No. 08-3036. Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter. Collection of the full district court filing fee in this case shall begin upon plaintiff's satisfaction of his prior obligations in Case No. 07-3109, Case No. 07-3140, Case No. 08-3036. The Finance Office of the Facility where plaintiff is incarcerated will be directed by copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds

ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**FAILURE TO STATE FEDERAL CONSTITUTIONAL CLAIM**

Plaintiff's letter filed by the Clerk as a Response (Doc. 5) is not actually a response, and does nothing to cure the deficiencies in his original complaint. Plaintiff complied with the court's prior Order that he file an Amended Complaint[2] (Doc. 6). In the Amended Complaint he names as defendants Jessica Edie, his "case worker," an employee of Kaw Valley "Behavioral Health Care"; Deana Parker Libbey, his "other case worker"; Jennifer Newlin and Shelley Bock, attorneys appointed to represent him in child welfare and custody matters in Douglas County District Court; and John Giele, attorney, for whom he provides no additional information.

The counts of the complaint repeatedly charge "discrimination, due process, and equal protection conspiracy" and name each defendant except Giele. The supporting facts include that case workers Edie and Libbey "took away" his two children in

[2] The Amended Complaint (Doc. 6) completely replaces and supercedes the original complaint (Doc. 1).

2005, and won't let him see or communicate with them as the result of a violent domestic dispute he had with his wife in front of the children. He claims he was the victim in the incident, even though he adds that the district attorney found his ex-wife, her father and the children were the victims. He alleges he has "adisable condiscation," a back injury, and a learning disability, and is not being given the same rights as the children's mother. He asserts he is being discriminated against because he is a man instead of a woman, and is being denied his right to communicate with his children. He also claims defendant Newlin did not help him see or contact his children, was aware he was not being given the same rights as a woman, and his 6th Amendment rights were violated as a result. He seeks money damages from all defendants.

Exhibits attached to the Amended Complaint indicate there have been "child in need of care" cases involving plaintiff and his two children in the District Court of Douglas County: Case Nos. 2005 JC 0002 and 2005 JC 0003. Plaintiff attaches several motions from these cases, the latest indicating a matter was continued to July, 2007. Plaintiff also attaches a letter from his attorney in which he was informed that in order to enforce his rights to contact with his children he would need to go to court in Douglas County and arrange to make child support payments.

The court finds that plaintiff's conclusory claims of "discrimination, due process, and equal protection conspiracy" are not supported by any factual allegations whatsoever. Conclusory allegations of conspiracy are not enough; rather, plaintiff must

allege specific facts showing agreement and concerted action amongst defendants. Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998). Moreover, his allegations and exhibits plainly show that the basis of his complaint is his challenges to child custody and domestic relations decisions. As he was informed in the court's prior Order, domestic law determinations, child in need of care decisions, and state agency actions involving custody of and contact with minor children are purely matters of state law, and are not grounds for relief in a federal civil rights complaint. Moreover, plaintiff does not show that any of these state court decisions have been overturned through proper process, or that he has raised these claims in the proper state administrative and court proceedings. He thus alleges no facts which would entitle him to money damages against the named defendants.

The court concludes that the complaint as amended fails to state a federal constitutional claim and must be dismissed. Plaintiff's recourse is to pursue his claims regarding contact with his children in proper proceedings in the state district and appellate courts.

The court further finds that plaintiff's motions for appointment of counsel and for service and issuance of summons must be denied as moot. Plaintiff's Motion to Amend (Doc. 8) is denied. Therein, plaintiff seeks only to change the statutory provisions under which he proceeds to 42 U.S.C. § 1983. Plaintiff's original and amended complaints were brought under 42 U.S.C. § 1983 and this action has proceeded thereunder. Thus, there is no need for this

amendment.

**IT IS THEREFORE ORDERED** that plaintiff's Motions for Leave to Proceed in forma pauperis (Docs. 2 & 9) are granted, and this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Appoint Counsel (Docs. 7 & 10), plaintiff's Motion for Issuance of Summons (Doc. 11), and plaintiff's Motion for Service (Doc. 13) are denied as moot; and plaintiff's Motion to Amend Complaint (Doc. 8) is denied as unnecessary.

The clerk is directed to transmit a copy of this Order to the finance officer at the institution in which plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge